IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEITH JOHN ANDERSON,

                Plaintiff

VS.

DEPUTY SHERIFF DARDEN,

                Defendant

NO. 5:07-CV-208 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Currently pending before the court is defendant DEPUTY CLARK DARDEN**'s MOTION FOR SUMMARY JUDGMENT**. Tab #16. This motion is supported by a brief, a statement of material facts, and an affidavit. Plaintiff KEITH JOHN ANDERSON has filed a response to the motion (Tab #20), and defendant DARDEN has filed a reply thereto (Tab #21).

**LEGAL STANDARDS**

**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

**B. Failure To Protect From Danger**

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

# FACTUAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows: On or about May 11, 2007, plaintiff ANDERSON was removed from the C-Block in the Monroe County Jail and placed on lock-down in A-Block because he threw a tray. (COMPLAINT, p.6; Affidavit of Deputy Clark Darden, ¶ 3 & Ex. A, attached thereto.) Plaintiff allegedly told the officers who put him on lock-down that he was having trouble with the other inmates and did not want to be returned to C-Block.(COMPLAINT, p.6.) Defendant DARDEN was *not* one of the officers who placed plaintiff on lock-down, so he did not hear plaintiff's complaints about the other inmates. (COMPLAINT, Clark Aff., ¶ 4.)

On May 14, 2007, defendant DARDEN was on duty as the acting shift supervisor. (Clark Aff., ¶ 6.) During the shift, DARDEN noticed that the jail's computer log indicated that the plaintiff could be released from lock-down. (Clark Aff., ¶ 7.) The log did not indicate that the plaintiff had been involved in an altercation, only that he was placed in lock-down because he had thrown a tray. (Clark Aff. at ¶¶ 12-13 & Ex. A.) Thus, at approximately 10:30 A.M., defendant DARDEN returned plaintiff ANDERSON to general population in C-Block. (Clark Aff., ¶ 7.) Plaintiff claims that at the time of the transfer, he told defendant DARDEN that he did not want to return to C-Block because he feared being "jumped" by other inmates. (COMPLAINT, p.6.) Plaintiff, however, did not identify any specific threat(s), inmate, or group of inmates at that time, in his COMPLAINT or in any subsequent pleading..

Later, on the evening of May 15, 2007, plaintiff was involved in an altercation with other inmates in the C-Block. (COMPLAINT, p.6, Clark Aff., ¶ 14.) Plaintiff avers that the trouble started when a fellow inmate(s) started throwing pieces of ice at him. (COMPLAINT, p.6) Plaintiff admits that he escalated the situation by saying, "Man, if it hit me[,] we fighting ." (COMPLAINT, p.6.) The physical altercation ensued. As a result, plaintiff ANDERSON suffered a small laceration to his head. (COMPLAINT, Clark Aff., ¶ 14.) He received immediate medical attention and was subsequently returned to lock-down for provoking the altercation. *Id.*

# DISCUSSION

Defendant DARDEN, in his **MOTION FOR SUMMARY JUDGMENT**, contends that plaintiff has failed to state a constitutional claim. The undersigned agrees. In order to state a claim for failure to protect, an inmate must demonstrate that the defendant prison official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994). In the instant case, there was no record of any "trouble" between the plaintiff and other inmates in C-Block. Additionally, the plaintiff did not, at any time before or since the subject incident, identify with any specificity whatsoever any threat made towards him by any inmate or group of inmates. As such, plaintiff's vague statement to defendant DARDEN that he feared he would be "jumped" by other inmates if put back into general population was not sufficient to put the defendant on notice of a *substantial* risk of serious harm to the inmate. Moreover, the fact that the plaintiff ANDERSON admits acting as a provocateur to the subject altercation certainly does not support his claim that he needed protection.

Consequently, and upon consideration of the facts outlined above, it is clear that plaintiff has failed to show that there was a *substantial* risk of serious harm, that defendant DARDEN was or should have been aware of such risk, or that defendant DARDEN was deliberately indifferent thereto. Accordingly, since it appears that the defendant is entitled to judgment as a matter of law, IT IS RECOMMENDED that defendant DARDEN's MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 13th day of AUGUST, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE